# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

United States District Court Case No. _____

*Charles A. Gulden v. Consolidated World Travel, Inc.*

## NOTICE OF REMOVAL

## EXHIBIT A

Civil Complaint and Summons Filed March 28, 2016

In the Yuma County Justice Court, First Precinct

Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367
Phone: 928-782-5182
Email: chasinyuma@hotmail.com

FILED

2016 MAR 20  PM 2: 20

YUMA JUSTICE COURT
FIRST PRECINCT

## IN THE YUMA COUNTY JUSTICE COURT

## STATE OF ARIZONA

CHARLES A. GULDEN,

　　　　Plaintiff,

vs.

CONSOLIDATED WORLD TRAVEL, INC.,

　　　　Defendant.

Case No.: **J1401CV201600580**

COMPLAINT
(CIVIL)

### JURISDICTION AND VENUE

1. This claim arises from tort and is made pursuant to the federal Telephone Consumers Protection Act (TCPA), 47 U.S.C. §227, and its Federal Communications Commission (FCC) TCPA implementing regulation, 47 C.F.R. §1200.

2. Plaintiff, Charles A. Gulden, is a resident of Yuma County, Arizona. Defendant, Consolidated World Travel, Inc. is a Florida business entity that conducts business activities within or into, but not necessarily limited to or within, the state of Arizona. All acts complained of herein occurred on Plaintiff's residential telephone located in Yuma County, Arizona.

### FACTUAL ALLEGATIONS

3. From on or about 4 December 2015 through 31 January 2016 Defendant, Defendant's agents or parties acting on behalf of the Defendant initiated a series of four (4) separate calls to Plaintiff's residential telephone ending in 5182 for the purpose of soliciting for its products and

COMPLAINT (CIVIL) - 1

services.

4. When Plaintiff answered Defendant's telephone call Plaintiff heard an artificial or prerecorded voice message.

5. Defendant, Defendant's agents or parties acting on behalf of the Defendant initiated the above cited calls using an artificial or prerecorded voice to deliver a message to Plaintiff regarding Defendants' services without Plaintiff's prior express consent.

6. When Plaintiff answered his telephone Plaintiff heard distinctive 'click and pause' and other sounds and indications after having answered that were indicative of an ATDS.

7. Defendant, Defendant's agents or parties acting on behalf of the Defendant initiated the above cited calls utilizing an "automatic telephone dialing system" (ATDS) as defined by 47 U.S.C. § 227(a)(1) without Plaintiff's prior express consent.

8. Plaintiff is not a customer of Defendant and had not previously provided any personal information, including his home telephone number, to Defendant nor had Plaintiff purchased or used any goods or services offered by Defendant at any time prior to the calls that are complained of herein.

9. Defendant's calls constituted calls that were not for emergency purposes.

10. Defendant, Defendant's agents or parties acting on behalf of the Defendant failed to state clearly the identity of the business, individual or other entity responsible for initiating the calls and artificial or prerecorded message.

11. Defendant, Defendant's agents or parties acting on behalf of the Defendant further failed to provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the Plaintiff to make a do-not-call request.

COMPLAINT (CIVIL) - 2

12. For more than thirty-one (31) days prior to Defendants' four (4) separately initiated calls to Plaintiff's residential telephone, Plaintiff's residential telephone number was registered on the national Do-Not-Call registry in which the federal government documents the telephone numbers of persons who do not wish to receive such telephone solicitations.

### TCPA VIOLATIONS I, II, III & IV

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. Each of the foregoing calls initiated by Defendant constitute separate negligent violations of the TCPA pursuant to 47 U.S.C. § 227(b)(1)(B).

15. The foregoing calls initiated by Defendant constitute multiple knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(C).

### TCPA VIOLATIONS V, VI, VII, VIII

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Independent of the violations cited above, each of the foregoing calls initiated by Defendant constitute separate negligent violations of the TCPA pursuant to 47 U.S.C. § 227(c), in that the calls were initiated to the Plaintiff's residential telephone number while it was registered on the national Do Not Call Registry.

18. The foregoing calls initiated by Defendant constitute multiple knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(C).

COMPLAINT (CIVIL) - 3

**TCPA VIOLATION IX**

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Independent of the violations cited elsewhere in this Complaint, Defendant's failure to state clearly, at the beginning of the artificial or prerecorded voice message, the identity of the business, individual, or other entity that was responsible for initiating calls to Plaintiff's residential telephone constitutes violation of the TCPA, pursuant to 47 U.S.C. § 227(d)(3)(A).

21. Defendant's foregoing failure to state clearly, at the beginning of the artificial or prerecorded voice message, the identity of the business, individual, or other entity that was responsible for initiating calls to Plaintiff's residential telephone was willful, entitling Plaintiff to an award of $1,500.00 in statutory damages, pursuant to 47 U.S.C. § 227(c)(5)(C).

**TCPA VIOLATION X**

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Independent of the violations cited elsewhere in this Complaint, Defendant's failure to provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the Plaintiff to make a do-not-call request constitutes violation of the TCPA, pursuant to 47 C.F.R. §1200(b)(3).

24. Defendant's TCPA violation for failure to provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the Plaintiff to make a do-not-call request was willful, entitliling Plaintiff to an award of $1,500.00 in statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C).

//

COMPLAINT (CIVIL) - 4

**TCPA VIOLATION XI**

25.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.  Independent of the violations cited elsewhere in this Complaint, Defendant's numerous and multiple violations of the TCPA in respect to the Do Not Call implementing regulations within 47 C.F.R. §1200 indicate that Defendant has failed to train its personnel or others acting on its behalf in procedures established pursuant to the National Do Not Call Registry and rules, pursuant to 47 U.S.C. 227(c)(2) and 47 C.F.R. §1200(c)(2)(B).

27.  Defendant's failure to train its personnel and any entity assisting in its compliance in procedures established pursuant to the national Do Not Call Registry and rules constitutes knowing and willful violation of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages, pursuant to 47 U.S.C. § 227(c)(5)(C).

**RELIEF REQUESTED**

28.  Plaintiff seeks monetary damages based on treble the amount of Five Hundred Dollars ($500.00) for each of the eleven (11) separate TCPA violations complained of herein, however limiting the total amount of monetary damages requested to the Court's monetary jurisdictional limit of Ten Thousand Dollars ($10,000.00).  Plaintiff further claims post judgment interest, court costs and other expenses in connection with this case.

**JURY DEMAND**

29.  Plaintiff respectfully requests trial by jury.

Dated this 28th day of March, 2016.

_____
Charles A. Gulden

COMPLAINT (CIVIL) - 5

Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367
Phone: 928-782-5182

**Yuma Justice Court First Precinct**
In and For the County of Yuma, State of Arizona
250 W. 2nd Street, Suite A
Yuma, AZ 85364  (928) 817-4100

**PLAINTIFF**
Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367

Case No: **J1401CV20160**0580

-vs-

**SUMMONS**

**CIVIL**

**DEFENDANT**
Consolidated World Travel, Inc.
c/o Greenspoon Marder, PA, Registered Agent
200 E. Broward Blvd, Suite 1800
Fort Lauderdale, FL 33301

**THE STATE OF ARIZONA TO THE ABOVE NAMED DEFENDANT(S):**

1.  You are summoned to respond to this complaint by filing an answer with this court and paying the court's required fee. If you cannot afford to pay the required fee, you can request the court to waive or to defer the fee.

2.  If you were served with this summons in the State of Arizona, the court must receive your answer to the complaint within twenty (20) calendar days from the date you were served. If you were served outside the State of Arizona, the court must receive your answer to the complaint within thirty (30) days from the date of service. If the last day is a Saturday, Sunday, or holiday, you will have until the next working day to file your answer. When calculating time, do not count the day you were served with the summons.

3.  This court is located at: **250 W. 2nd Street, Suite A, Yuma, AZ 85364.**

4.  Your answer must be in writing. (a) You may obtain an answer form  from the court listed above, or on the Self-Service Center of the Arizona Judicial Branch website at http://www.azcourts.gov/ under the "Public Services" tab. (b) You may visit http://www.azturbocourt.gov/ to prepare your answer electronically; this requires payment of an additional fee. (c) You may also prepare your answer on a plain sheet of paper, but your answer must include the case number, the court location, and the names of the parties.

5.  You must provide a copy of your answer to the plaintiff(s) or to the plaintiff's attorney.

**IF YOU FAIL TO FILE A WRITTEN ANSWER WITH THE COURT WITHIN THE TIME INDICATED ABOVE, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU, AS REQUESTED IN THE PLAINTIFF(S) COMPLAINT.**

Date: ___03/28/2016___

_____
Judge's Signature   JUSTICE OF THE PEACE

{COURT SEAL}

**REQUEST FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE COURT AS SOON AS POSSIBLE BEFORE A COURT PROCEEDING.**

## Notice to the Defendant:  A lawsuit has been filed against you in Justice Court!
## You have rights and responsibilities in this lawsuit. Read this notice carefully.

1. In a justice court lawsuit, individuals have a right to represent themselves, or they may hire an attorney to represent them. A family member or a friend may not represent someone in justice court unless the family member or friend is an attorney. A corporation has a right to be represented by a managing member. A corporation or an LLC may also be represented by an attorney.

If you represent yourself, you have the responsibility to properly complete your court papers and to file them when they are due. The clerks and staff at the court are not allowed to give you legal advice. If you would like legal advice, you may ask the court for the name and phone number of a local lawyer referral service, the local bar association, or a legal aid organization.

2. You have a responsibility to follow the Justice Court Rules of Civil Procedure ("JCRCP") that apply in your lawsuit. The rules are available in many public libraries, at the courthouse, and online at the Court Rules page of the Arizona Judicial Branch website, at *http://www.azcourts.gov/*, under the "AZ Supreme Court" tab.

3. A "plaintiff" is someone who files a lawsuit against a "defendant." You must file an answer or other response to the plaintiff's complaint **in writing and within twenty (20) days** from the date you were served with the summons and complaint (or thirty (30) days if you were served out-of–state.) If you do not file an answer within this time, the plaintiff may ask the court to enter a "default" and a "default judgment" against you. Your answer must state your defenses to the lawsuit. Answer forms are available at the courthouse, and on the Self-Service Center of the Arizona Judicial Branch website at *http://www.azcourts.gov/*, under the "Public Services" tab. You may prepare your answer electronically at *http://www.azturbocourt.gov/*; this requires payment of an additional fee. You may also prepare your answer on a plain sheet of paper, but your answer must include the court location, the case number and the names of the parties. You must provide to the plaintiff a copy of any document that you file with the court, including your answer.

4. You may bring a claim against the plaintiff if you have one. When you file your answer or written response with the court, you may also file your "counterclaim" against the plaintiff.

5. You must pay a filing fee to the court when you file your answer. If you cannot afford to pay a filing fee, you may apply to the court for a fee waiver or deferral, but you must still file your answer on time.

6. You may contact the plaintiff or the plaintiff's attorney and try to reach an agreement to settle the lawsuit. However, until an agreement is reached you must still file your answer and participate in the lawsuit. During the lawsuit, the court may require the parties to discuss settlement.

7. Within forty (40) days after your answer has been filed, you and the plaintiff are required to provide a disclosure statement to each other. The disclosure statement provides information about witnesses and exhibits that will be used in the lawsuit. A party may also learn more about the other side's case through discovery. Read the Justice Court Rules of Civil Procedure for more information about disclosure statements and discovery.

8. The court will notify you of all hearing dates and trial dates. You must appear at the time and place specified in each notice. If you fail to appear at a trial or a hearing, the court may enter a judgment against you. To assure that you receive these notices, you must keep the court informed, in writing, of your current address and telephone number until the lawsuit is over.