Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367
Phone: 928-782-5182
Email: chasinyuma@hotmail.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHARLES A. GULDEN, | Case No.: CV-16-01113-PHX-DJH |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| vs. | **(Jury Trial Requested)** |
| CONSOLIDATED WORLD TRAVEL, INC., | Hon. Diane J. Humetawa |
| Defendant. | |

## JURISDICTION AND VENUE

1.  This claim arises from tort and is made pursuant to the federal Telephone Consumers Protection Act (TCPA), 47 U.S.C. §227, and its Federal Communications Commission (FCC) TCPA implementing regulation, 47 C.F.R. §1200.

2.  Plaintiff, Charles A. Gulden, resides in Yuma County, Arizona.  Defendant, Consolidated World Travel, Inc. is a Florida business entity that conducts business activities within or into, but not limited to, the state of Arizona.  All acts complained of herein occurred on Plaintiff's residential telephone located in Yuma County, Arizona.

## FACTUAL ALLEGATIONS

3.  From on or about 4 December 2015 through 31 January 2016 Defendant, Defendant's

1

agents or parties acting on behalf of the Defendant initiated a series of four (4) separate calls to Plaintiff's residential telephone ending in 5182 for the purpose of soliciting for its vacation resort and cruise services.

4.  Each of the complained of calls came from the phone number/Caller- ID of 800-509-3542, which is a phone number controlled by the Defendant and from which Defendant's vacation resort and cruise services were marketed to Plaintiff.

5.  Discussion by the Plaintiff with Defendant's reservations agent at phone number 800-509-3542 confirmed that Defendant was calling to market its vacation resort and cruise services to the Plaintiff.

6.  Defendant, Defendant's agents or parties acting on behalf of the Defendant initiated the above cited calls using an artificial or prerecorded voice to deliver its message to Plaintiff regarding its services without Plaintiff's prior express consent.

7.  When Plaintiff listened to Defendant's phone message he heard an artificial or prerecorded voice message.

8.  Plaintiff heard distinctive 'click and pause' and other sounds and indications while listening to Defendant's message that were indicative of an ATDS.

9.  Defendant, Defendant's agents or parties acting on behalf of the Defendant initiated the above cited calls utilizing an "automatic telephone dialing system" (ATDS) as defined by 47 U.S.C. § 227(a)(1) without Plaintiff's prior express consent.

10.  Plaintiff is not a customer of Defendant and had not previously provided any personal information, including his home telephone number, to Defendant nor had Plaintiff purchased or used any goods or services offered by Defendant at any time prior to the calls that

are complained of herein.

11.  For more than thirty-one (31) days prior to Defendants' four (4) separately initiated calls to Plaintiff's residential telephone, Plaintiff's residential telephone number was registered on the national Do-Not-Call registry in which the federal government documents the telephone numbers of persons who do not wish to receive such telephone solicitations.

12.  The complained of calls to Plaintiff were unsolicited advertisements for the purpose of selling Defendant's vacation resort and cruise related services, since Plaintiff had not expected, desired or requested them and had not granted prior express invitation or permission for the calls to his telephone number.

13.  The complained of calls constituted calls that were not for emergency purposes.

14.  The complained of calls were an unwelcome annoyance, distraction and disturbance to Plaintiff and invasion of Plaintiff's privacy, unnecessarily occupying Plaintiff's telephone line and voicemail system and consuming Plaintiff's time and attention to receive and deal with them.

**TCPA VIOLATIONS I, II, III & IV**

15.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.  Each of the foregoing calls initiated by Defendant constitute separate negligent violations of the TCPA pursuant to 47 U.S.C. § 227(b)(1)(B).

17.  The foregoing calls initiated by Defendant constitute multiple knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(C).

**TCPA VIOLATIONS V, VI, VII, VIII**

18.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.  Independent of the violations cited above, each of the foregoing calls initiated by Defendant constitute separate negligent violations of the TCPA pursuant to 47 U.S.C. § 227(c), in that the calls were initiated to the Plaintiff's residential telephone number while it was registered on the national Do Not Call Registry.

20.  The foregoing calls initiated by Defendant constitute multiple knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(C).

**RELIEF REQUESTED**

21.  Plaintiff seeks monetary damages based on treble the amount of Five Hundred Dollars ($500.00) for each of the eight (8) separate TCPA violations complained of herein, amounting to total monetary damages of Twelve Thousand Dollars ($12,000.00).  Plaintiff further claims pre-judgment interest from the date of filing this suit, post judgment interest, court costs and other expenses in connection with this case.

**JURY DEMAND**

22.  Plaintiff respectfully requests trial by jury on all counts for which a jury trial is permitted.

Dated this 23rd day of February, 2017

Charles A. Gulden

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 23 February 2017 I will mail a true and correct copy of the foregoing First Amended Complaint by First Class U.S. Mail and by email to:

> Jeffrey A. Backman
> Greenspoon Marder, P.A.
> 200 East Broward Blvd, Suite 1800
> Fort Lauderdale, FL  33301
> jeffrey.backman@gmlaw.com

and that I will dispatch a copy by email to:

> Richard W. Epstein
> Greenspoon Marder, P.A.
> richard.epstein@gmlaw.com
>
> Roy Taub
> Greenspoon Marder, P.A.
> roy.taub@gmlaw.com
>
> Todd Feltus
> Kercsmar & Feltus PLLC
> tfeltus@kflawaz.com
>
> Julia A. Wagner
> Kercsmar & Feltus PLLC
> jaw@kflawz.com

Charles A. Gulden